IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

_____

MADELINE HINDMARSH,

     **Plaintiff,**

     **vs.**                                    **CIV No. 98-1280 JP/KBM**

**FOWLER FITNESS, INC.,**
**d/b/a Defined Fitness,**

     **Defendant.**


## MEMORANDUM OPINION AND ORDER

On August 11, 2000 Plaintiff filed a Motion in Limine and Offer of Proof to Admit

Evidence of Taos Incident and Defendant's Post-Employment Fabrication of Records, (Doc. No.

69).  On August 15, 2000 Defendant filed a Motion in Limine, (Doc. No. 82).  Having carefully

reviewed the motions, the pleadings, and the applicable law, I conclude that Plaintiff's motion

should be denied on the merits and because it is untimely, and I conclude that Defendant's motion

should be granted in part and denied in part.

### PLAINTIFF'S MOTION IN LIMINE

Plaintiff asks that this Court admit at trial evidence surrounding the September 1994 Taos

trip.  Plaintiff argues that this Court erred in concluding in its March 4, 2000 Memorandum

Opinion and Order that Plaintiff's refusal to submit to sexual activity during this trip did not

constitute statutorily protected conduct under 42 U.S.C. § 2000-3(a).  Plaintiff also contends that

this Court erred in finding that even if Defendant fabricated reprimands concerning Plaintiff's

alleged tardiness, this evidence did not constitute an adverse action because Plaintiff had already

been discharged and was no longer employed. Defendant responds that Plaintiff's motion should be denied because: 1.) Plaintiff untimely served the motion on Defendant, in violation of this Court's Pretrial Order; 2.) the motion in limine is actually a motion to reconsider, which is also untimely; and 3.) the motion lacks merit.

### Service of Motion In Limine Violated this Court's Pretrial Order

The Pretrial Order in this case states that motions in limine must be served on opposing counsel by August 10, 2000, that responses must be served by August 14, 2000, that replies must be served by August 16, 2000, and that the entire motion packet must be filed with the Court by August 16, 2000. The order further states that the motions in limine should be filed with the Court as a briefing package no later than August 16, 2000. Plaintiff failed to meet the August 10, 2000 deadline. On the evening of August 13, 2000 Plaintiff's counsel faxed to Defendant's counsel a copy of Plaintiff's motion in limine, which was filed with the Court on August 14, 2000.[1]

Rule 16(f) of the Federal Rules of Civil Procedure states that "[i]f a party or party's attorney fails to obey a . . . pretrial order . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." The rule further states that "[i]n lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including

---

[1] Defendant filed its response to Plaintiff's motion on August 15, 2000, a day after the Pretrial Order deadline for serving responses to motions in limine. Although Plaintiff contends that it should not be penalized for serving its motion late because Defendant filed its response late, the Court disagrees. It was reasonable for Defendant to take the day of August 14 to prepare its response and to file it on August 15.

attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f) (emphasis added).

As a sanction for failing to obey this Court's Pretrial Order setting an August 10, 2000 deadline for serving motions in limine, Plaintiff's motion will be denied. This is an adequate sanction and neither Plaintiff nor her counsel will be required to pay Defendant's attorney's fees in responding to Plaintiff's motion as an alternative or additional sanction.

### Plaintiff's Motion in Limine is Really an Untimely Motion to Reconsider and Should Also Be Denied on this Ground

Although Plaintiff labeled her motion as a "motion in limine," it is really a motion to alter or amend a judgment on the ground that the Court made a manifest error of law. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (holding that a motion filed within ten days of entry of judgment that seeks to alter the substantive ruling of the district court will be treated as a motion to alter or amend the judgment pursuant to Rule 59(e)). Rule 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Because Plaintiff filed this motion more than five months after this Court entered its March 4, 2000 Memorandum Opinion and Order and Final Partial Summary Judgment, Plaintiff's motion in limine, which is really a motion to alter or amend this Court's judgment, is untimely and should be denied.

### Plaintiff's Motion Should Also be Denied Because it Lacks Merit

*Evidence of September 1994 Taos Trip*[2]

In its March 4, 2000 Memorandum Opinion and Order, this Court noted that Plaintiff had failed to allege any facts in her amended complaint regarding the September 1994 Taos trip. (Memo. Op. & Order at 7.)  The Court also concluded that "[t]o the extent that Plaintiff now contends that her failure to submit to sexual activity with Mr. Parks resulted in Defendant's withholding tangible employment benefits, this argument would fall under a quid pro quo sexual harassment theory, which is a claim Plaintiff has not alleged." (Memo. Op. & Order at 8.)

Plaintiff does not dispute that she failed to raise any facts in her amended complaint regarding the September 1994 Taos trip.[3]  Instead, Plaintiff cites for the first time two cases outside of the Tenth Circuit supporting the proposition that an employee's refusal to engage in sexual conduct with a supervisor constitutes "protected activity" under Section 2000e-3(a). *See Ogden v. Wax Works, Inc.*, 214 F.3d 999, 1007 (8th Cir. 2000); *Quarles v. McDuffie County*, 949 F. Supp. 846, 853 (S.D. Ga. 1996).

---

[2] Although Plaintiff's response states that this was a "business trip," (Reply at 3), Plaintiff's own testimony disputes this assertion. *See* Hindmarsh Depo. at 67 ("I was invited to go along like a weekend vacation.").

[3] Plaintiff did not disclose to her attorney the events surrounding the 1994 Taos trip until her deposition was taken on August 30, 1999. (Hindmarsh Depo. at 67.)  At that time, her attorney stated that he was going to file a motion to amend the complaint based on this "newly discovered evidence that I believe was repressed by my client for some reason or another relating to this Taos incident and what happened there." (Hindmarsh Depo. at 223.)  Although Plaintiff's attorney acknowledged the need to amend the complaint based on this evidence, he never filed a motion to amend.

In *Quarles* the plaintiff alleged "that she engaged in the protected conduct of telling her immediate supervisor, Adams, that he was harassing her." *Id*. at 853. The plaintiff claimed that "[o]n at least two occasions . . . she told Adams that he was making her uncomfortable and that his harassment must stop." *Id*. The court concluded that "[c]learly, Quarles engaged in the most basic form of protected conduct; namely, telling a harasser, who also was serving as her supervisor, to cease all forms of physical and verbal harassment." *Id*.

The Eight Circuit cited *Quarles* in its opinion in *Ogden v. Wax Works, Inc*.:

> [Defendant] next argues [plaintiff's] retaliation claim must fail
> because she did not engage in the "protected activity" requisite for
> this theory of liability. [Plaintiff] maintains she engaged in "the
> most basic form of protected activity" when she told her supervisor,
> Hudson, to stop his offensive conduct. *See Quarles v. McDuffie
> County*, 949 F. Supp. 846, 853 (S.D. Ga. 1996). We agree with
> [Plaintiff]. Employers may not retaliate against employees who
> "oppose discriminatory conduct," *see* § 42 U.S.C. 2000e-3(a), and
> the jury reasonably concluded [plaintiff] did so when she told
> [defendant] to stop his offensive behavior. *Cf. E.E.O.C. v. HBE
> Corp*., 135 F.3d 543, 554 (8th Cir. 1998).

*Ogden*, 214 F.3d at 1007 (footnote omitted). Neither *Quarles* nor *Ogden* have been cited by the Tenth Circuit or any district court within the Tenth Circuit.

While an employee who tells her harasser to stop his offensive or harassing behavior has engaged in protected activity under Title VII, an employee who merely declines to engage in sexual activity has not engaged in protected activity. *Cf. Del Castillo v. Pathmark Stores, Inc.*, 941 F. Supp. 437 (S.D.N.Y. 1996). In *Del Castillo*, the court noted that "protected activity" may consist of filing a complaint of discrimination or a lawsuit, or it may also "take the form of less formal protests, such as making complaints to management, writing critical letters to customers, or expressing support of co-workers who have filed charges." *Id*. at 438 (citation omitted). The

court concluded, however, that "even the broadest interpretation of a retaliation claim cannot

encompass instances where the alleged 'protected activity' consists simply of declining a

harasser's sexual advances, which is all that is alleged here by way of 'protected activity.'  If it

were otherwise, every harassment claim would automatically state a retaliation claim as well."  *Id*.

at 438-39.

Here, the evidence submitted by Plaintiff merely establishes that she was uncomfortable

with the sexual activities of others that occurred during the September 1994 Taos trip.  However,

Plaintiff never testified that Mr. Parks directly propositioned her or that she told him to stop his

offensive or harassing behavior.[4]  Moreover, Plaintiff has never alleged that Mr. Parks sexually

harassed her.  While Plaintiff was clearly upset over what occurred during the September 1994

Taos trip, her reaction to the events that transpired that weekend does not amount to "protected

activity" for purposes of bringing a Title VII retaliation claim.  *See id*.

Evidence regarding the September 1994 Taos trip should also be excluded under FED. R.

EVID. 403 because the minimal probative value of this evidence is substantially outweighed by the

danger to the Defendant of unfair prejudice, confusion of the issues, and misleading of the jury.

The trip occurred nearly three years before Plaintiff was fired and is simply too attenuated in time

---

[4] Plaintiff testified at her deposition that she "didn't do well when Jody Glass got in bed
with Daren and Tom.  I cried."  (Hindmarsh Depo. at 67; Ex. 1 to Plaintiff's Resp. to Defendant's
Mo. for Sum. J.)  In Plaintiff's affidavit she states that "[i]n the hotel in Santa Fe, Daren, Tom and
Jody shared the same bed.  Daren would open the bathroom door and watch Jody use the potty.
In Taos, Daren and Tom shared a bed and one bed was left for Susan and I to share.  The guys
took my picture while I showered.  I had difficulty dealing with this setup and was uncomfortable
with the physical friendliness exchanged among Daren, Tom and Jody.  I cried at one point and
Daren wasn't very happy with me.  Mr. Parks and his gay lover and employee took me to their car
and scolded and reprimanded me for not going along with their plans for the weekend."
(Hindmarsh Aff. at ¶ 9; Ex. 4 to Plaintiff's Resp. to Defendant's Mo. for Sum. J.)

to have anything but minimal probative value with respect to Plaintiff's retaliation claim arising

from her filing charges of discrimination with the Equal Employment Opportunity Commission.

*Evidence that Reprimands Were Fabricated is Admissible*

Plaintiff argues that evidence that Defendant fabricated reprimands after Plaintiff was

terminated should be admitted at trial.  This Court has already ruled that this evidence is relevant

and admissible as to Plaintiff's retaliation claim.  *See* Memo. Op. & Order at 14-15; *Reeves v.*

*Sanderson Plumbing Products, Inc.*, 120 S.Ct. 2097, 2108 (2000) ("In appropriate

circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the

employer is dissembling to cover up a discriminatory purpose.").

*Fabricated Reprimands Do Not Constitute Separate Retaliatory Act*

Plaintiff next argues that this Court erred in concluding that Defendant's alleged

fabrication of bogus reprimands does not constitute an adverse employment action because

Plaintiff was no longer employed when the reprimands were allegedly fabricated.  According to

Plaintiff, Defendant's alleged fabrication of tardy reprimands constituted an adverse employment

action "because it hindered Plaintiff from obtaining redress from the EEOC and remains in

Plaintiff's employment record for future employers to see and judge her to be unreliable."

(Memo. at 7.)

Plaintiff correctly notes that Title VII protects former employees against retaliatory

actions and that an "adverse action" is not limited "to those formal practices linked to an existing

employee/employer relationship." *Berry v. Stevinson Chevrolet*, 74 F.3d 980, 986 (10th Cir.

1996); *see also Rutherford v. American Bank of Commerce*, 565 F.2d 1162, 1164-65 (10th Cir.

1977) (holding that Section 2000e-3(a) prohibits a former employer from telling a prospective

employer that the plaintiff had filed a charge of sex discrimination after leaving her employment).

Here, Plaintiff has not alleged that Defendant released any of the allegedly fabricated reprimands to potential employers or that Defendant discussed the reprimands with any potential employers.  Plaintiff also does not allege that she was unable to obtain new employment because of the reprimands.  Based on the circumstances, even if Defendant fabricated tardy reprimands after Plaintiff's employment was terminated, Defendant's actions do not constitute an "adverse action" for purposes of alleging a separate Title VII retaliation claim.  *See Jeffries v. State of Kansas,* 147 F.3d 1220, 1232-33 (10th Cir. 1988) (stating that the Tenth Circuit "liberally defines adverse employment action," and "takes a case-by-case approach to determining whether a given employment action is 'adverse'").

## DEFENDANT'S MOTION IN LIMINE

Defendant asks that Plaintiff be excluded from introducing into evidence at trial any testimony or exhibits relating to Plaintiff's age and sex discrimination claims, which have been dismissed; any evidence regarding the September 1994 Taos trip; evidence concerning the claims of retaliation based on specific adverse actions that have been dismissed; and any evidence relating to events that occurred before January 1996, which is when Plaintiff first filed a complaint of discrimination with the Equal Employment Opportunity Commission.

Defendant's motion should be granted in part.   Evidence concerning the underlying nature of Plaintiff's age and sex discrimination claims is not relevant because these claims have been dismissed.[5]  As discussed, *supra*, evidence regarding the September 1994 Taos trip should be

---

[5] Plaintiff will, of course, be allowed to offer evidence at trial that she *filed* charges of discrimination on January 29, 1996 and on March 6, 1996.

excluded because it is irrelevant and its minimal probative value is outweighed by the danger to the Defendant of unfair prejudice and confusion of the jury.

Defendant also seeks to exclude the following evidence on the ground that the Court found that these acts do not constitute "adverse actions": 1.) Mr. Parks and Mr. Oliveira yelled at Plaintiff and publicly belittled her; 2.) Defendant denied her the opportunity to work as a substitute aerobics instructor; 3.) Defendant closely scrutinized her work; 3.) Defendant required procedures of her that were not required of other employees; 4.) Defendant reduced Plaintiff's classes and hours; 5.) Defendant failed Plaintiff on the PEAK exam; and 6.) Defendant fabricated bogus reprimands.

As already discussed, evidence that Defendant fabricated bogus reprimands is relevant to Plaintiff's retaliation claim and will be admitted at trial.  As explained in the March 3, 2000 Memorandum Opinion and Order, evidence that Defendant failed Plaintiff on the PEAK exam is not relevant to Plaintiff's retaliation claim because Plaintiff took the exams, and failed them, prior to filing her first charge of discrimination with the EEOC in January, 1996.

The remaining evidence, however, may be admitted at trial to the extent that it is relevant to establish pretext and to show that Defendant engaged in a pattern of retaliatory conduct against Plaintiff that ultimately culminated in her July 9, 1997 termination of employment.

## CONCLUSION

By this point, it should be absolutely clear to Plaintiff that there is only one remaining claim in this lawsuit--Title VII retaliation arising from Plaintiff's filing of EEOC charges of discrimination on January 23, 1996 and on March 6, 1996.  The evidence submitted by the parties at trial should be accordingly restricted.

IT IS HEREBY ORDERED that :

1.      Plaintiff's Motion in Limine and Offer of Proof to Admit Evidence of Taos

Incident and Defendant's Post-Employment Fabrication of Records, (Doc. No. 69), is DENIED;

however, Plaintiff may introduce evidence at trial that Defendant fabricated reprimands after

Plaintiff's employment was terminated because the Court has already ruled that this evidence is

admissible;

2.       Defendant's Motion in Limine, (Doc. No. 82), is DENIED in part and

GRANTED in part; Plaintiff may be permitted to introduce at trial the following evidence to show

pretext and a pattern of retaliatory conduct leading up to the termination of her employment:

a.      Mr. Parks and Mr. Oliveira yelled at Plaintiff and publicly belittled her;

b.      Defendant denied Plaintiff the opportunity to work as a substitute aerobics

         instructor;

c.      Defendant closely scrutinized Plaintiff's work;

d.      Defendant required procedures of Plaintiff that were not required of other

         employees; and

e.      Defendant reduced Plaintiff's classes and hours.


_____

UNITED STATES DISTRICT JUDGE